J. GEORGE SMITH v. CITY OF ST. PAUL AND OTHERS.[1]

June 1, 1917.

Nos. 20,286—(114).

**Removal of nuisance — temporary injunction — discretion of court.**

An order granting a temporary injunction restraining the city of St. Paul from executing an order for the removal of an alleged obstruction to the use of a public alley, declared by the city a public nuisance, *held* not an abuse of discretion.

Action in the district court for Ramsey county to restrain defendants during the term of plaintiff's lease from interfering with or closing

[1]Reported in 162 N. W. 1062.

certain openings or removing a certain structure maintained by plaintiff in an alley in the city of St. Paul. From an order, Hanft, J., granting the motion of plaintiff for a temporary injunction until the matter might be heard on the merits, defendants appealed. Affirmed.

*O. H. O'Neill,* for appellants.

*Lawler & Mulally,* for respondent.

BROWN, C. J.

Appeal by defendants from an order granting a temporary injunction in an action to restrain the removal of certain alleged obstructions in the public alley referred to in the complaint.

The alley in which the alleged obstructions are found and which the proper city authority has ordered removed, extends from Sixth street, immediately in the rear of the Chamber of Commerce building situated at the corner of Sixth and Robert streets, in the city of St. Paul, in a southerly direction parallel to Robert street partly through block 11, and serves a limited number of business places abutting thereon; it is what is termed a blind alley, since it does not extend entirely through the block. It was duly established by public authority, is 18 feet wide, and 210 feet in length. Beneath the surface of the alley at the point here in controversy is an excavated area connected with and a part of the basement of the Commerce building, placed there when the building was constructed many years ago, and was present at the time of the official action of the city in formally laying out the way for public use. Access to this area, or basement as it more properly may be termed, from the premises occupied by plaintiff has always been through a trap-door located in what is now the alley; the same being equipped with stairs and covered by a heavy iron trap-door, kept closed except when in use. Formerly this trap-door was located on the west side of the alley and adjacent to an adjoining building, but in 1904, after the city had declared the way open for public use, the alley was paved and the trap-door then changed to the east side adjoining the wall of the Commerce building. Later another stairway to the basement below was constructed on the east side, probably by plaintiff, and this was covered by a frame structure 9 feet high and about 4 feet wide. Plaintiff was maintaining these two passageways, as thus constructed and in-

closed, at the time in question, and they constitute the obstruction which the city contends amounts to a nuisance and should be removed. They provide and furnish the only method of access to the basement below from the premises occupied by plaintiff, and form a necessary part thereof. He has maintained them in their present form since the year 1904, and for many years prior thereto upon the west side of the alley. In 1916 the city adopted an ordinance declaring them an obstruction to the alley and a public nuisance and ordering them removed. This action is to restrain the execution of that order.

The only question presented is whether the court below abused its discretion in the issuance of an injunction restaining the city pending the action. Our conclusion is that the question should be answered in the negative, and the order appealed from is affirmed.

It seems clear from a reading of the ordinance laying out the alley that the city authorities were aware of the area or basement beneath the same, and that access thereto was had by means of the trap-door then existing and in use for that purpose. This is disclosed in a measure by the restricted language of the order limiting the height of the way at this point to 15 feet from the surface of the sidewalk, which plaintiff claims gives rise to the necessary inference that the officials condemned only the surface of the alley, thus saving to plaintiff the right to maintain the basement below. Whether such an inference arises or not we do not decide, but from the facts disclosed it is apparent that there was at that time no intention on the part of the city of disturbing existing conditions, for the trap-door was not then, nor later, when the alley was paved, deemed an obstruction, at least no order was made with reference to it, either permitting it to remain or that it be removed; and, until the passage of the ordinance declaring both stairways a nuisance, the city by its failure to act acquiesced in their presence and use as now constructed. Such silent acquiescence is no bar to the right now to insist upon their removal, if in fact they be obstructions to the free public use of the alley. The trap-door is a contrivance the city probably could have expressly authorized, under proper restrictions. Sections 868, 869 and 870, Ordinances of St. Paul 1896. But there has been no such authorization, and whether it constitutes an obstruction in fact, and therefore a *per se* nuisance, may be doubted. Whether

it is such will depend upon its location, the interference or noninterference with the use of the alley, considerations in respect to the limited use of the alley, the long uninterrupted maintenance of the same by plaintiff, and other matters which undoubtedly may be shown by the evidence when the case is tried. It is of course beyond controversy that the ordinance declaring the obstruction a nuisance cannot be ignored by the court or held invalid, except upon a clear showing that the city council in the enactment of the same acted arbitrarily and unreasonably, and in disregard of some substantial right of the plaintiff. Whether plaintiff is possessed of rights of which he cannot be deprived may well be doubted, but we do not so decide. We think that question, as well as all other questions, should go to trial and not be disposed of upon affidavits. There was therefore no abuse of discretion in granting the temporary injunction. 2 Dunnell, Minn. Dig. § 4490. What has been said in reference to the trap-door does not apply to the wooden structure inclosing the second stairway. That would seem clearly an unlawful interference with the alley. But, as the case must be tried on its merits, we leave that an open question for the trial court.

Order affirmed.